45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry MOSLEY, Defendant-Appellant.
 No. 93-5046.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec.6, 1994.
Decided: Dec. 29, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-92-349)
 H. Stanley Feldman, North Charleston, SC, for Appellant. J. Preston Strom, Jr., United States Attorney, Mary Gordon Baker, Assistant United States Attorney, Charleston, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Larry Mosley of conspiracy to commit mail fraud in violation of 18 U.S.C.A. Sec. 371 (West 1966), and three counts of mail fraud in violation of 18 U.S.C.A. Sec. 1341 (West 1984 & Supp.1994), Sec. 2 (West 1969). He appeals his conviction. Mosley's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, no meritorious issues exist for appeal. Mosley was notified of his right to file a supplemental brief and raise additional issues, but he did not do so. After a complete and independent review of the record, we affirm Mosley's convictions and sentence.
 
 
 2
 Mosley challenges the sufficiency of the evidence. "To prove a conspiracy, the [G]overnment must show an agreement to do something illegal, willing participation by [Mosley], and an overt act in furtherance of the agreement." United States v. Dozie, 27 F.3d 95, 97 (4th Cir.1994). Evidence at trial disclosed that Mosley and another man agreed to stage an automobile accident, that Mosley offered a co-Defendant money to use his car in the accident, and that Mosley caused the accident on which false insurance claims were filed by driving the co-Defendant's car into a parked car. Thus, we find that the evidence, when viewed in the light most favorable to the Government, was sufficient for a reasonable jury to find Mosley guilty of conspiracy to commit mail fraud. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993).
 
 
 3
 With regard to Mosley's mail fraud convictions, the Government must show "knowing participation in a scheme to defraud and ... a mailing in furtherance of the scheme." Dozie, 27 F.3d at 97. Mosley's participation in a scheme to defraud was established by his participation in the conspiracy. Although Mosley did not submit any claims to the insurance companies himself, he knew that the mails would be used to defraud because he asked other participants in the accident whether they had filed insurance claims and because he was to be paid by the people who received money from the accident. See Pereira v. United States, 347 U.S. 1, 8-9 (1954). Therefore, we find that the evidence, when viewed in the light most favorable to the Government, supported Mosley's convictions. See Glasser, 315 U.S. at 80; Brewer, 1 F.3d at 1437.
 
 
 4
 Finally, we have examined the entire record in this case and find no other meritorious issues for appeal. Accordingly, we affirm Mosley's convictions and sentence. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If the client requests that a petition for a writ of certiorari be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw. Counsel's motion must state that copies were served both on the client and on counsel for the government.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.